# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**MEGAN SAYLOR,**

    Petitioner,

**v.**                              **CIVIL ACTION NO.: 3:16-CV-48**
                                   **CRIMINAL ACTION NO.: 3:15-CR-20-26**
                                   **(GROH)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble [ECF No. 1833 in Criminal Action No. 3:15-CR-20-26; ECF No. 3 in Civil Action No. 3:16-CV-48]. Magistrate Judge Trumble recommends that this Court enter an order denying and dismissing the Petitioner's Motion to Vacate [ECF No. 1783 in Criminal Action No. 3:15-CR-20-26; ECF No. 1 in Civil Action No. 3:16-CV-48], which was filed under 28 U.S.C. § 2255. Upon review and consideration, this Court hereby **ADOPTS** the magistrate judge's R&R and **DENIES** the Petitioner's Motion.

In reviewing an R&R, this Court is required, pursuant to 28 U.S.C. § 636(b), to conduct a *de novo* review of those portions of a magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn,

474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a party's right to appeal this Court's Order. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). In this case, objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 6(d). Service of the R&R was accepted at Federal Prison Camp, Alderson, where the Petitioner is presently incarcerated, on May 23, 2016. After allowing for additional time to ensure personal receipt, the Court now finds that the deadline for the Petitioner to submit objections to the R&R has passed. Because no objections have been filed, this Court will review the R&R for clear error.

On January 11, 2016, this Court sentenced the Petitioner to two ten-month terms of incarceration, ordered to run concurrently with each other. Shortly thereafter, the Petitioner moved the Court to modify her sentence to a "split sentence" by ordering that the Petitioner serve a five-month term of incarceration followed by a five-month term of home confinement. Finding no basis for modifying the Petitioner's sentence, the Court denied the motion. In the instant Motion to Vacate, the Petitioner moves the Court to reconsider imposing a split sentence. In support of her Motion, the Petitioner argues that her court-appointed counsel was ineffective for several reasons. Specifically, the Petitioner avers that her attorney met with her only three times, that her attorney advised her that she would not be sentenced to a term of incarceration, and that her attorney did not collect or present any witness statements during her sentencing hearing. In his R&R, Magistrate Judge Trumble found the Petitioner's arguments to be both foreclosed by the Petitioner's valid collateral attack waiver and otherwise without merit.

Upon careful consideration of the magistrate judge's Report and Recommendation and the remainder of the record in this case, this Court finds no clear error. It is **ORDERED** that the Report and Recommendation [ECF No. 1833 in Criminal Action No. 3:15-CR-20-26; ECF No. 3 in Civil Action No. 3:16-CV-48] is hereby **ADOPTED** in its entirety. The Petitioner's Motion Requesting a Split Sentence [ECF No. 1827 in Criminal Action No. 3:15-CR-20-26] is **DENIED**. The Court **ORDERS** that the Petitioner's Motion to Vacate under 28 U.S.C. § 2255 [ECF No. 1783 in Criminal Action No. 3:15-CR-20-26; ECF No. 1 in Civil Action No. 3:16-CV-48] is **DENIED** and is hereby **DISMISSED**. This matter is **ORDERED STRICKEN** from the active docket of this Court. The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Respondent.

The Petitioner has not met the requirements for issuance of a certificate of appealability. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court denies a petitioner's claims on the merits, then "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "If, on the other hand, the denial was procedural, the petitioner must show 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Slack, 529 U.S. at 484). Here, upon a thorough review of the record, the Court concludes that the Petitioner has not made the requisite showing.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein and to the *pro se* Petitioner at her last known address.

**DATED:** June 27, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE